THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| 1. HOLLI R. DAVENPORT ) <br> an individual ) <br>     Plaintiff ) <br> ) <br> v ) <br> ) <br> 2. AHS TULSA REGIONAL MEDICAL ) <br> CENTER, LLC d.b.a OKLAHOMA ) <br> STATE UNIVERSITY MEDICAL ) <br> CENTER a corporation ) <br>     Defendant | Case no. 15-cv-512-JED-PJC <br><br> Jury Trial Demanded |

## COMPLAINT

**COMES NOW,** the Plaintiff by and through her attorney of record DAVID R. BLADES and for her cause of action shows the court as follows:

### Jurisdiction

1. Pursuant to *28 USC § 1331* this court has jurisdiction as a result of a violation of a federal question namely, the Pregnancy Discrimination Act *42 USC § 2000k*, the American's with Disabilities Act and *42 USC § 12102*; and the Family Medical & Leave Act *29 USC § 2611*.

### Statement of the Case

2. At all relevant times the Plaintiff was a resident of Tulsa County State of Oklahoma.

3. In May of 2011 the Plaintiff the Defendant hired the Plaintiff as a Licensed Practical Nurse.

4. The Defendant is a entity providing medical services located in Tulsa County and affects interstate commerce.

5. That the Defendant was the Plaintiff's employer.

6. That on or about December 13th 2013 I discovered that I was pregnant and announced my pregnancy to my co-workers and supervisor Sandy Medina.

7. On or about January 22nd 2014 I visited a physician and was given a 20lb lifting restriction.

8. Additionally, at the age of 17 the Plaintiff was diagnosed with Type I diabetes.

9. I spoke with Craig Stokes in Human Resources who sent me home for approximately two weeks. I returned to work the following day and was sent to cardiac dysrhythmia class to be able to perform the duties as a monitoring tech.

10. The Plaintiff finished the training in February 6th 2015; and began working is the offices of several physicians.

11. On or about March 17th, 2014 the Plaintiff fainted while on the job and taken to the emergency room.

12. The doctor who treated the Plaintiff in the hospital gave her a note directing that the Plaintiff should take some days off work that the Plaintiff understood to be more than three days.

13. When that note was taken to Sandy Medina the Plaintiff was terminated shortly thereafter.

14. Medina stated that the Plaintiff was terminated for the needed time off and as a result, the Defendant failed to engage in the interactive process to take the proper steps to accommodate the Plaintiff's disability of a pregnancy complicated by diabetes.

15. The Plaintiff alleges that the Defendant had other leave programs for non-pregnant employees namely , leave  for employees injured while at work, leave

programs for individuals who were not pregnant and covered by the Family Medical Leave Act.

16. The Plaintiff also alleges she was terminated on account of her pregnancy and/or her disability diabetes.

17. That at all relevant times the Defendants conduct was intentional, or done with reckless disregard to the Plaintiff's rights.

18. The Plaintiff filed her claim with the Equal Employment Opportunity Commission and exhausted her administrative remedies.

## Count I

## Violation of the Family Medical and Leave Act

19. The Plaintiff incorporates paragraphs 1through 17 by reference herin.

20. The Plaintiff was an eligible employee as defined by the Family Medical and Leave Act *29 USC  § 2611* (FMLA).

21. That at all relevant times the Defendant was an eligible employee as defined by *29 USC § 2611 4(A)*.

22. That at all relevant times the Plaintiff needed leave because of the birth of a child and/or the serious health condition due to diabetes and the complication of pregnancy.

23. The Defendant did interfere with, restrain or deny the exercise of or the attempt to exercise any right provided the Plaintiff under the FMLA.

24. This interference occurred when the Plaintiff needed leave to address complications with pregnancy.

## Count II

### Violation of the Americans with Disabilities Act

25. The Plaintiff incorporates paragraphs 1 through 23 by reference herein.

26. Pursuant to *42 USC § 12102* the Plaintiff is a qualified person with a disability, or who is regarded as having a disability; and suffers from diabetes.

27. That the Defendant terminated the Plaintiff under circumstances that give rise to the inference that she was terminated on the basis of her disability as set forth in *42 USC § 12112*

## Count III

### Failure to Accommodate
### Violation of the Americans with Disabilities Act

28. The Plaintiff incorporates paragraphs 1 through 27 by reference herein.

29. The Plaintiff is disabled under the meaning of the American's with Disabilities Act

30. He could perform with or without accommodations the essential functions of the desired job and the employer did not take reasonable steps to accommodate the Plaintiff's disability.

## Count V

### Violation of the Pregnancy Discrimination Act

31. The Plaintiff incorporates paragraph 1 through 29 by reference herein.

32. The Plaintiff was a member of a protected class as contemplated by Title VII in that she was pregnant.

33. That she was qualified for the job of a Licensed Practical Nurse (LPN) as evidenced by her licensure and her performing the duties of a LPN adequately up to the time of complications with her pregnancy.

34. That the Plaintiff was terminated as a result of her pregnancy and/or the complications therefrom.

35. That the Defendant continued to employ and hire LPN's with no greater qualifications than those of the Plaintiff.

**WHEREFORE,** the Plaintiff prays for Judgment against the Defendant for lost wages; compensatory damages, including damages for emotional pain and suffering; liquted damages; punitive damages; the cost of the action including a reasonable attorney fee; and other relief the court deems just and equitable.

Respectfully submitted,

*Attorney for the Plaintiff*

/s/David Blades

_____
DAVID R. BLADES OBA 15187
BLADES & GEE PLLC
7170 SOUTH BRADEN AVE  Ste 140
TULSA, OKLAHOMA 74136
(918) 493-6464

*dblades@bladesgeelaw.com*